# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JOSEPH A. HUBER,

    Plaintiff,

v.

BRIAN NOLAN, et al.,

    Defendants.

Case No. 1:19-cv-224

Barrett, J.
Bowman, M.J.

## MEMORANDUM OPINION AND ORDER

### I. Background

Plaintiff, an incarcerated individual who proceeds *pro se*, filed a complaint against Defendant Unit Manager Brian Nolan and Institutional Inspector Linnea Mahlman on March 25, 2019, alleging that Defendants have violated his Eighth Amendment rights by housing him under conditions posing a substantial risk of serious harm. (Complaint, Doc. 3).

By separate Report and Recommendation, the undersigned has recommended the denial of two motions seeking preliminary injunctive relief filed by Plaintiff, as well as the denial of a motion seeking to prevent the Defendants from asserting qualified immunity or raising other legal defenses to his claims. This Order addresses additional non-dispositive motions including: (1) Plaintiff's motion seeking an order to personally appear at any hearing on his motion for injunctive relief (Doc. 17); (2) Plaintiff's two motions seeking the appointment of counsel (Docs. 5, 16); (3) Plaintiff's motion for leave to file supplemental information in support of his original motion for emergency injunctive relief (Doc. 13); and (4) a motion to strike a request for discovery filed by the State of Ohio as an interested party. (Doc. 26).

## II. Analysis of Pending Motions

### A. Motion for an Order Directing Plaintiff to Appear (Doc. 17)

Plaintiff seeks an order authorizing him to personally appear in this Court at any hearing scheduled on his motion(s) for preliminary injunctive relief. As no such hearing has been scheduled and the undersigned has recommended the denial of such relief, Plaintiff's motion will be denied.

### B. Motions Seeking the Appointment of Counsel (Docs. 5, 16).

Plaintiff has filed two separate motions seeking the appointment of counsel. (Docs. 5, 16). However, Plaintiff has very clearly articulated his claims and demonstrated both his literacy and basic competence to prosecute his own claims. In addition to an 18-page complaint supported by 122 pages of exhibits, he has filed seven motions and multiple other documents, including sworn declarations and affidavits.[1] All of Plaintiff's filings are properly captioned and, although handwritten, are easily understood, with remarkably few spelling or grammatical errors. In short, the instant case simply does not present the type of "exceptional circumstances" that would justify the rare appointment of free counsel for a *pro se* civil litigant. *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993).

### C. Motion Seeking Leave to File Supplemental Information (Doc. 13)

This motion seeks leave to file multiple affidavits from other inmates and from

---

[1] Plaintiff attached a declaration to his original complaint in which he states, under penalty of perjury, that he has been diagnosed with post-traumatic stress disorder, ADHD, major depression, personality disorder, and panic attack/anxiety disorder, as well as COPD/emphysema. (Doc. 3 at 19). The same declaration states that Plaintiff has a full-scale IQ of 59. Plaintiff's allegedly low IQ and significant mental health history contrast markedly with the high level of literacy exhibited by Plaintiff's many filings, which include full case citations as well as extended legal and factual arguments.

Plaintiff, and/or other argument and evidentiary exhibits in support of Plaintiff's motions for injunctive relief. In fact, Plaintiff filed the referenced affidavits on the same day. (Doc. 14). Plaintiff's motion will be denied. The new argument and exhibits (which were reviewed but not fully considered) would not alter the original analysis that preliminary injunctive relief should be denied. However, for the convenience of any reviewing court, the undersigned will not strike the exhibits that Plaintiff filed without leave of this Court.

### D. Motion to Strike Plaintiff's Discovery Requests (Doc. 26)

On May 6, 2019, Plaintiff filed a motion seeking the production of documents from the two Defendants. (Doc. 15). On May 28, 2019, the State of Ohio moved to strike Plaintiff's discovery requests. (Doc. 26).

Discovery is premature prior to the filing of an answer or other appearance by the Defendants. In addition, absent circumstances not present here, such discovery requests are not to be filed. Fed. R. Civ. P. 5(d). Discovery requests or responses to such requests should be filed only in connection with a motion before the Court. Only those specific portions of the discovery documents reasonably necessary to a resolution of the motion shall be included as an attachment to the motion. *See* S.D. Ohio Civ. Rules 5.4 and 37.1.

### E. Service of the Complaint on Defendants

At the time the complaint was filed, the undersigned directed service by the U.S. Marshal as is customary in cases in which a pro se prisoner is proceeding in forma pauperis. (Doc. 6). In addition, due to the time-sensitive nature of Plaintiff's motion for an emergency preliminary injunction, the Court ordered additional service of the complaint and motion on the Defendants and on the Office of the Ohio Attorney General by certified mail. (Doc. 8). The record reflects the return of "green cards" indicating service on April

25, 2019 and May 1, 2019. (Docs. 9, 10). Although the record does not yet reflect a formal appearance by either Defendant, the Ohio Assistant Attorney General, who presumably will eventually appear on behalf of both Defendants, has responded to numerous motions as an "interested party" on behalf of the State of Ohio. In the interests of justice, Defendants will be directed to file an answer or otherwise respond to the complaint at this time.

### III. Conclusion and Order

For the reasons discussed, **IT IS ORDERED THAT:**

1. Plaintiff's Motions for the appointment of counsel (Docs. 5, 16) are **DENIED**;

2. Plaintiff's Motion for Leave to File Supplemental Information (Doc. 13) is **DENIED**;

3. Plaintiff's Motion to Appear at a Hearing on his Preliminary Injunction Motion (Doc. 17) is **DENIED;**

4. The Motion to Strike Plaintiff's Improperly Filed Discovery Requests (Doc. 26) is **GRANTED**, with the previously filed requests (Doc. 15) to be stricken from the record;

5. Because both Defendants appear to have been served with a copy of the complaint, (see Docs. 6, 8, 9, 10), Defendants shall answer or otherwise respond to the complaint on or before **June 14, 2019**.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge