# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| Joseph A. Huber, | : | |
| --- | --- | --- |
| Plaintiff, | : | Case No. 1:19-cv-00224 |
| vs. | : | Judge Michael R. Barrett |
| Brian Nolan, et al., | : | |
| Defendants. | : | |

## ORDER

This matter is before the Court on the Magistrate Judge's May 31, 2019 Report and Recommendation ("R&R") (Doc. 32) and May 31, 2019 Order (Doc. 31).

## I. May 31, 2019 R&R

Proper notice has been given to the parties under 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). No objections to the Magistrate Judge's May 31, 2019 R&R (Doc. 32) have been filed and the Court will adopt that R&R.

## II. May 31, 2019 Order

In the Magistrate Judge's May 31, 2019 Order (Doc. 31), the Magistrate Judge denied Plaintiff's Motions for Appointment of Counsel (Docs. 5, 16). The Magistrate Judge found that there are no exceptional circumstances present that convince the Court

that utilizing its powers to appoint counsel is necessary in this case. (Doc. 31) (citing *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993)). In response, Plaintiff submitted a letter (Doc. 41) which the Court will construe as an objection to the Magistrate Judge's Order. *Cf. Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that the objections of a petitioner appearing pro se will be construed liberally).

Determinations made by a Magistrate Judge are subject to the review of the district court pursuant to 28 U.S.C. § 636(b)(1). With respect to non-dispositive matters, such as the denial of a motion to appointment of counsel, "the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a).

Counsel may be appointed for indigent parties in civil cases, but such an appointment is at the discretion of the Court. *Lavado*, 992 F.2d at 604. An attorney will be appointed for indigent parties in a civil suit only when justified by exceptional circumstances. *Id.* In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 Fed.Appx. 779, 782 (6th Cir. 2005). The undersigned agrees with the Magistrate Judge that those circumstances do not exist here and Plaintiff appears to have the ability to represent himself. Accordingly, and after a review of the Magistrate Judge's Order and Plaintiff's objections, the Court finds no portion to be "clearly erroneous or contrary to law." FED. R. CIV. P. 72(a).

## III. CONCLUSION

For the foregoing reasons, the Court **REJECTS** Plaintiff's objections (Doc. 41) to the Magistrate Judge's May 31, 2019 Order (Doc. 31) and it is hereby **ORDERED** that the Magistrate Judge's May 31, 2019 R&R (Doc. 32) is **ADOPTED**. Consistent with the recommendation by the Magistrate Judge, Plaintiff's Motions for an Emergency Preliminary Injunction or for other Temporary Restraining Order of Preliminary Injunction (Docs. 4, 18) and Motion to Deny Qualified Immunity to the Defendants (Doc. 20) are **DENIED**.

**IT IS SO ORDERED.**

    _s/ Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court