**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| JOSEPH A. HUBER, | Case No. 1:19-cv-224 |
| Plaintiff, | Barrett, J. |
| v. | Bowman, M.J. |
| BRIAN NOLAN, et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

Pursuant to local practice, this prisoner civil rights case has been referred to the undersigned magistrate judge. Currently pending is Defendants' motion for judgment on the pleadings (Doc. 35), along with multiple non-dispositive motions filed by Plaintiff relating to the appointment of counsel for various purposes (Docs. 38, 43, 44, 52), a motion to "not rule" on the Defendants' motion for judgment on the pleadings (Doc. 43), two motions seeking hearings (Docs. 51, 57), and a motion seeking the Court's intervention in a discovery dispute (Doc. 56). Defendant also has filed a non-dispositive motion to strike an unauthorized sur-reply filed by Defendants. (Doc. 62).

For the reasons that follow, the undersigned recommends that Defendants' dispositive motion for judgment on the pleadings be GRANTED. By separate Order filed herewith, all of Plaintiff's non-dispositive motions are denied, as is Defendants' motion to strike the unauthorized sur-reply.

**I. Background**

Plaintiff, an incarcerated individual who proceeds *pro se*, initiated this lawsuit on March 25, 2019 during a period of time in which he was incarcerated at the Southern Ohio Correctional Facility ("SOCF"). Plaintiff's complaint alleges that Defendant Unit Manager

Brian Nolan and Institutional Inspector Linnea Mahlman violated his Eighth Amendment rights by housing him under conditions posing a substantial risk of serious harm. (Complaint, Doc. 3 at 5). More specifically, the 18-page complaint alleges that Defendant Nolan allowed a gang member to read an informal grievance resolution ("ICR") that Plaintiff had filed on September 30, 2018 in which Plaintiff identified six Aryan Brotherhood gang members by name. Plaintiff further alleges that on October 6, 2018, an inmate identified as "Bully" gave Plaintiff a note from one of the previously identified gang members, Brian Turner, in which Turner threatened to kill Plaintiff, stab him, and had "ordered a hit" on Plaintiff. (Doc. 3 at 13). Plaintiff alleges that he provided the note to Defendant Mahlman on October 8, 2018, but that she deliberately destroyed it rather than making a copy as Plaintiff requested.

The allegations of Plaintiff's complaint were deemed sufficient at the screening level under the PLRA to state an Eighth Amendment claim against the two named Defendants.[1] Plaintiff's complaint was construed as alleging that both Defendants failed to protect Plaintiff from injury from other inmates who have threatened Plaintiff, and/or contributed to that threat by allowing a gang member to read an ICR in which Plaintiff identified specific gang members as extorting or threatening him. Plaintiff further alleged that Defendants failed to comply with prison procedures that would have allowed or required placement of Plaintiff into Protective Custody.[2]

---

[1] Due to the serious nature of the allegations, in addition to granting Plaintiff leave to proceed *in forma pauperis* and directing service of the complaint, the undersigned ordered the Defendants and/or the Office of the Ohio Attorney General to respond to the motion seeking preliminary injunctive relief. (Doc. 8).

[2] Some of the 112 pages of exhibits attached to the complaint appear to be unrelated to the specific Eighth Amendment "failure to protect" claims against the two identified Defendants. (*See* Doc. 3 at 19-130).

2

Plaintiff's complaint sought declaratory and injunctive relief including but not limited to a transfer to protective custody and separations from the six inmates named in his September 30, 2018 ICR. (Doc. 3 at 17). He sought a declaration that his rights had been violated, and an order directing unidentified "prison officials" to "stop…telling inmates I am a snitch" and to "stop damaging my property [or] violating my rights period," and to "stop retaliating, illegal cell searches and harassing plaintiff." (*Id.*) The complaint also seeks "compensatory, nominal and punitive damages" from both Defendants in their "individual and official" capacities. (*Id.*)

After filing his complaint, Plaintiff filed seven motions in quick succession in which he sought preliminary injunctive relief, the appointment of counsel, a hearing at which he could personally appear, and other miscellaneous relief. On May 31, 2019, the undersigned filed a Memorandum Opinion and Order that denied all five non-dispositive motions filed by Plaintiff. (Doc. 31). On the same date, the undersigned filed a separate Report and Recommendation ("R&R") that recommended the denial of two additional motions in which Plaintiff sought preliminary injunctive relief. (Doc. 32). On September 16, 2019, the presiding district judge overruled Plaintiff's objections to both the Order and to the R&R. (Doc. 59).

In the May 2019 R&R, the undersigned emphasized that the sole claims permitted to proceed against the two Defendants arose under the Eighth Amendment and were limited to Plaintiff's requests for protective custody and the Defendants' alleged responses to those requests (including Defendant Nolan's alleged disclosure of the ICR to a gang member) in late September and October 2018. (Doc. 32). Soon after this case was filed, however, Plaintiff filed a Notice of a change of address. (Doc. 21). In light of

3

his transfer to a different penal institution, the undersigned reasoned that Plaintiff "no longer can claim an imminent threat of danger from any of the six inmates at SOCF referenced in his complaint." (R&R at 7). Thus, the Court denied the two motions for preliminary injunctive relief because Plaintiff's transfer to the Ohio State Penitentiary rendered moot *all* requests for injunctive relief against the two SOCF Defendants. Additionally, the undersigned noted that Plaintiff's additional requests for other types of injunctive relief were unrelated to his Eighth Amendment claims against the identified Defendants and should be denied on the merits. (*Id.*)

After the undersigned filed the May 31 Order and R&R, the two Defendants filed a dispositive motion seeking judgment on the pleadings. (Docs. 34, 35). Plaintiff has filed a response in opposition to the Defendants' motion, to which the Defendants have filed a reply. Plaintiff also has filed what has been construed as a sur-reply, which the Defendants have moved to strike. And, as referenced above, Plaintiff has filed an additional eight non-dispositive motions that are addressed by separate Order.

**II.     Analysis of Pending Motion for Judgment on the Pleadings**

**A.  Standard of Review**

A district court reviews a Rule 12(c) motion for judgment on the pleadings under the same standard applicable to a Rule 12(b)(6) motion to dismiss. *EEOC v. J.H. Routh Packing Co.,* 246 F.3d 850, 851 (6th Cir.2001). Accordingly, "we construe the complaint in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.,* 508 F.3d 327, 336 (6th Cir.2007). While such determination rests primarily upon the allegations of the complaint,

4

"matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir.2001) (quoting *Nieman v. NLO, Inc.,* 108 F.3d 1546, 1554 (6th Cir.1997)) (emphasis omitted). The court "need not accept the plaintiff's legal conclusions or unwarranted factual inferences as true." *Commercial Money Ctr.,* 508 F.3d at 336. To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Id.*

The Sixth Circuit has explained the pleading requirements that are necessary to survive a Rule 12(c) motion as follows:

> In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.*at 1964–65 (internal citations omitted). In *Erickson v. Pardus,* 550 U.S. 89, 127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007), decided two weeks after *Twombly,* however, the Supreme Court affirmed that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Id.* at 2200 (quoting *Twombly,* 127 S.Ct. at 1964). The opinion in *Erickson* reiterated that "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Id.* (citing *Twombly,* 127 S.Ct. at 1965). We read the *Twombly* and *Erickson* decisions in conjunction with one another when reviewing a district court's decision to grant a motion to dismiss for failure to state a claim or a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12.

*Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295-96 (6th Cir. 2008); *see also, generally, Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. Defendants' Legal Arguments

#### 1. Plaintiff's Request for Injunctive Relief is Moot

Defendants first argue that they are entitled to judgment because most of the relief sought by Plaintiff was rendered moot once he was transferred away from SOCF to the Ohio Stata Penitentiary. The undersigned agrees.

Both Defendants work at SOCF, not at OSP. In the prior R&R, the undersigned recommended denial of Plaintiff's two prior motions for preliminary injunctive relief based on mootness, and the presiding district judge agreed. Sixth Circuit law supports the same conclusion. "A prisoner's request for injunctive and declaratory relief is moot upon his transfer to a different facility." *Parks v. Reans*, 510 Fed. Appx. 414, 415 (6th Cir. 2013). As noted in the prior R&R, only a portion of the declaratory and injunctive relief sought by Plaintiff in his complaint relates to his Eighth Amendment claims against the two identified Defendants. However, all injunctive relief as it pertains to the Eighth Amendment claims against the two Defendants is clearly moot. In addition, as previously explained in the prior R&R, claims that are <u>unrelated</u> to the alleged Eighth Amendment violations, whether because they are asserted against unidentified SOCF officials (as opposed to Nolan and/or Mahlman), or because they do not pertain to the only cognizable Eighth Amendment claim presented against the Defendants (i.e., Plaintiff's request to direct non-party officials to "stop retaliating, illegal cell searches, and harassing" Plaintiff), should be denied both because they are moot and on the merits. The Court will not enjoin non-parties and will not issue injunctive relief that is entirely unrelated to the Plaintiff's underlying claims. *Sidiq v. Champion*, 2006 WL 1275403 at *2 (W.D. Mich., May 8, 2006) (citing *De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945)).

### 2. The Eleventh Amendment Bars Damage Claims Against Defendants in their Official Capacities

Plaintiff's original complaint states his intention to file suit against the two Defendants in both their individual and official capacities. However, on June 28, 2019, Plaintiff filed a "letter" with the Court in which he expresses an intention "to clear up any confusion concerning how I am wishing to sue the defendants Nolan and Mahlman." (Doc. 39 at 1). Specifically, Plaintiff states: "I AM <u>NOT</u> interested in suing for their money." (*Id.*) Instead, Plaintiff explains that he is seeking an order from the court to send him out of state to another prison, or to place him into protective custody, or to issue "Institution Separations from the 6 inmates named in the ICR date[d] 9-30-18." (*Id.*) In his response in opposition to Defendants' motion for judgment on the pleadings, Plaintiff similarly states that he "isn't interested in money" and "only wishes the court to find the defendants guilty of violating my constitutional rights" and to force prison officials to transfer Plaintiff out of state, or place him in protective custody, or issue "institutional separations from all 5 inmates identified in the ICR dated 9-30-18." (Doc. 45 at 3).

Arguably, the referenced documents express a clear intention to withdraw Plaintiff's asserted claims for monetary damages against the two identified Defendants in this case, and to continue to pursue only his claim for injunctive relief. However, to date, Plaintiff has not formally moved to withdraw his claim for monetary damages and the Court has not previously construed the referenced two documents as such a motion.

To the extent that Plaintiff's original complaint seeks monetary damages against both Nolan and Mahlman in their official capacities, Plaintiff's suit is deemed to be equivalent to a suit against the State of Ohio. *See Will v. Mich. Dept. of State Police*, 491

7

U.S. 58, 71 (1989). The Defendants are entitled to judgment as a matter of law on those claims under the Eleventh Amendment, because Ohio has not waived its sovereign immunity from suit for monetary damages. *Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992). Moreover, although the Ex Parte Young doctrine provides a limited exception for claims for injunctive relief filed against defendants in their official capacities, that exception does not apply to save Plaintiff's claims against the two Defendants identified here, because Plaintiff's complaint focuses on wrongdoing that allegedly took place at SOCF in the past. Not only is Plaintiff no longer incarcerated at SOCF, but neither Defendant could provide any injunctive relief to Plaintiff because they do not work at Plaintiff's current place of incarceration.

### 3. Physical Injury Under the PLRA

Defendants also argue that they are entitled to judgment as a matter of law on all of Plaintiff's claims for monetary damages against them in their individual capacities under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), which requires, as a prerequisite to suit, a "prior showing of physical injury." The undersigned again agrees.

Plaintiff alleges that the two identified Defendants deliberately ignored (and/or contributed to) a perceived threat of violence from other prisoners. The seminal case under which such claims are evaluated is *Farmer v. Brennan,* 511 U.S. 825, 833 (1994), wherein the Supreme Court held that "prison officials have a duty to protect prisoners from violence at the hands of other prisoners" under the Eighth Amendment. Thus, a prisoner can show a violation of the Eighth Amendment if he proves both an objective and subjective component of a "failure to protect" claim. Under the objective component, a plaintiff must show that he was "incarcerated under conditions posing a substantial risk

8

of serious harm." *Id.,* 511 U.S. at 834. Here, Plaintiff's failure to allege *any* type of physical injury, and his subsequent transfer to OSP, compel a conclusion that Plaintiff has failed (at a minimum) to state the objective component of an Eighth Amendment claim for monetary damages against either of the identified Defendants.

It is true that for some types of civil rights claims, such as those arising under the First Amendment, the § 1997e(e)'s "physical injury" requirement might not apply. *See, e.g., King v. Zmiara*, 788 F.3d 207, 213 (6th Cir. 2015) (holding no physical injury is required for a First Amendment claim). And, it is worth noting that *Farmer* established that a claim may be brought under the Eighth Amendment for a "substantial *risk* of serious harm," *Farmer,* 511 U.S. at 837 (emphasis added), without explicitly determining whether an inmate must show that harm actually occurred. However, despite the lack of published case law on the issue, virtually all courts within the Sixth Circuit have held that *some* physical injury is required in order to state a claim for monetary damages under the Eighth Amendment. The Sixth Circuit itself has so held in an unpublished decision. *See Jarrett v. Wilson,* 162 Fed. Appx. 394, 399-400 and n.5 (6th Cir.2005) (holding that more than a "de minimis" injury is required to recover monetary damages for Eighth Amendment claim based upon deliberate indifference to serious medical needs but declining to decide whether 42 U.S.C. § 1997e(e) applies to claims seeking injunctive relief).

In addition, multiple district courts have held that a failure to allege any injury whatsoever is insufficient to state a "failure to protect" claim, including in two cases authored by judicial colleagues within this district. *See, e.g., Cole v. McCroskey*, Case No. 1:18-cv342, 2018 WL 3023439 (June 18, 2018), adopted at 2018 WL 3861869 (S.D. Ohio Aug. 14, 2018), *Bristow v. Eleby*, 2008 WL 3414132 (S.D. Ohio Aug. 8, 2008).

9

Although Plaintiff cites to cases outside the Sixth Circuit to support a contrary view,[3] the undersigned is required to follow the body of case law within this circuit.

> The Sixth Circuit has held that an Eighth Amendment claim for monetary damages requires an inmate to plead and prove that she suffered some non-*de minimis* physical injury. [*Wilson v.*] *Yaklich,* 148 F.3d at 600-01 (finding that complaint failed to state an Eighth Amendment claim where "plaintiff primarily request[ed] monetary relief ... in the form of compensatory and punitive damages" but complaint contained no allegations that inmates who threatened the plaintiff "actually injured him physically"); *Washington v. Johnson,* No. 04–10352, 2009 WL 73676, at *8 (E.D. Mich. Jan.9, 2009) ("[The] Sergeant's decision to place Plaintiff's enemy with her in the cell did not result in any assault, nor was Plaintiff harmed in any way.... [W]here an actual assault is not alleged, dismissal of an action for money damages is warranted."); *Bristow v. Eleby,* No. 2:08–cv–0250, 2008 WL 3414132, at *3 (S.D. Ohio Aug.8, 2008) *report adopted by* 2008 WL 4346652 (S.D. Ohio Sept.18, 2008) (holding, where plaintiff-inmate had "not alleged that he suffered an actual assault by [another] inmate ... or any other member of the Aryan Brotherhood as a result of defendant [officer's] failure to protect him," that the complaint failed to state a claim for monetary damages against the defendant-officer); *cf. White v. Trayser,* No. 10–cv–11397, 2011 WL 1135552, at *5 (E.D. Mich. Mar.25, 2011) (holding, where plaintiff alleged that defendant "endangered his life by giving him a cup of coffee and, in the presence of other inmates, thanking him for 'the information about who is bringing in the Tobacco,' " that "to state a claim for deliberate indifference under the Eighth Amendment in the Sixth Circuit, there must be some resulting harm stemming from being labeled a snitch.").

*Dyer v. Hardwick*, 2011 WL 4036681, at *7 (E.D. Mich. 2011); *see also Adams v. Louisville Metro Corrections Dept.*, 2014 WL 1117982, at *4 (W.D. Ky. 2014) (dismissing on initial screening inmate's claim that he was deprived of his placement in a specified custody level, and further denying claim that defendant correctional officer put plaintiff's life at risk "by telling all the inmates in the dorm to assault [him]."); *Gibson v. Foltz,* 963 F.2d 851, 853 (6th Cir. 1992) ("Lack of due care for a prisoner's safety by prison officials

---

[3] *See Benefield v. McDowell*, 241 F.3d 1267 (10th Cir. 2001) (holding that allegation of psychological injury due to fear of harm from other inmates after defendant labeled plaintiff a "snitch" was sufficient to state a claim).

is insufficient to support a claim of an Eighth Amendment violation."); *Catanzaro v. Mich. Dep't of Corr.,* 2009 WL 4250027, at *11 (E.D. Mich. Nov. 19, 2009) (holding that in order to state a claim for deliberate indifference under the Eighth Amendment, there must be some resulting harm stemming from a guard's statements about a prisoner); *Thompson v. Mich. Dep't of Corr.,* 25 Fed. App'x 357, 359 (6th Cir.2002) (affirming district court's dismissal where "[plaintiff's] claim that he was endangered by being labeled a snitch was unsupported by any allegation of resultant harm"); *Gibbs v. Ball,* No., 2009 WL 331604, at *4 (E.D. Mich. Feb. 11, 2009) (no Eighth Amendment violation where plaintiff was labeled a "rat," but did not show actual physical injury).

### 4. Qualified Immunity

Based upon Plaintiff's failure to allege any physical injury as required in the Sixth Circuit, Defendants argue that Plaintiff has failed to allege the violation of any clearly established constitutional right. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998). The undersigned agrees, and further concludes that both Defendants are entitled to qualified immunity based upon Plaintiff's failure to sufficiently allege any constitutional violation.

### III. Conclusion and Recommendations

For the reasons discussed, **IT IS RECOMMENDED THAT** Defendants' motion for judgment on the pleadings (Doc. 35) be **GRANTED**, and that this case be dismissed.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

11

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JOSEPH A. HUBER,

    Plaintiff,

    v.

BRIAN NOLAN, et al.,

    Defendants.

Case No. 1:19-cv-224

Barrett, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

12