# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Joseph A. Huber,

    Plaintiff,

v.

Brian Nolan, et al.,

    Defendants.

Case No. 1:19-cv-00224

Judge Michael R. Barrett

## ORDER

This matter is before the Court on the Magistrate Judge's November 13, 2019 Report and Recommendation ("R&R") that Defendants' Motion for Judgment on the Pleadings be granted and this case be dismissed. (Doc. 67). Proper notice has been given to the parties, including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Plaintiff filed timely objections. (Doc. 70).

The Magistrate Judge provided a comprehensive review of the record in the R&R and the same will not be repeated here. With respect to dispositive matters, and when the Court receives timely objections to an R&R, the assigned "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

In his objections, Plaintiff appears to concede that any arguments regarding declaratory and injunctive relief are moot because "the issue was over once [he was]

transferred to O[hio State Penitentiary ("OSP")]."  (Doc. 70 at PageID 623); *see* (Doc. 67 at PageID 610).

Turning to Plaintiff's objections regarding the Magistrate Judge's findings that the Eleventh Amendment bars monetary claims against Defendants in their official capacities and that the doctrine of *Ex parte Young* does not save his claims for injunctive relief against Defendants in their official capacities, (*id.* at PageID 611-12), Plaintiff concedes that he was initially confused regarding whether to sue Defendants in their individual and/or official capacities and explains that his June 28, 2019 letter was an attempt to clarify that he only intended to sue for injunctive relief and not for monetary damages (Doc. 70 at PageID 624).  He then cites, in length, *Moore v. City of Harriman*, 272 F.3d 769, 772-73 (6th Cir. 2001), and concludes that the Eleventh Amendment "is not a bar to injunctive relief against the defendants in their official capacity" and "a state official-capacity actions for prospective relief are not treated as actions against the state," (Doc. 70 at PageID 625-27).  However, Plaintiff neither objects to the Magistrate Judge's finding that his allegations relate to Defendants' past actions and they cannot provide any injunctive relief to him because they do not work at the facility where he is currently incarcerated, nor explains what prospective relief he desires in light of his transfer to OSP and away from the six inmates he previously identified who were housed at his prior institution.  (Doc. 67 at PageID 612).

Plaintiff next objects to the Magistrate Judge's findings regarding a showing of physical injury under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e). (Doc. 70 at PageID 627).  However, he only provides four citations to four cases—one of which is outside of the Sixth Circuit—and does not provide any analysis or argument about those

2

citations. (*Id.*) Without more, the Court is unable to discern a specific objection to the Magistrate Judge's finding that, under Sixth Circuit precedent, Plaintiff fails to state the objective component of an Eighth Amendment claim for monetary damages against Defendants. *Compare* (*Id.*), *with* (Doc. 67 at PageID 612-15). *Cf. Aldrich v. Bock*, 32 F.Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate [judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

For the foregoing reasons, the Court hereby **ORDERS** that the Magistrate Judge's November 13, 2019 Report and Recommendation (Doc. 67) is **ADOPTED**. Consistent with those recommendations, it is **ORDERED** that Defendants' Motion for Judgment on the Pleadings (Doc. 35) is **GRANTED**, this case is **DISMISSED with prejudice**, and this case shall be closed and terminated from the Court's active docket.

**IT IS SO ORDERED.**

    _s/ Michael R. Barrett_____
    Michael R. Barrett, Judge
    United States District Court